**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GABRIEL VILLASENOR-MURGA;
GUILLERMINA VILLASENOR;
AURELIO VILLASENOR-VERA;
GABRIEL VILLASENOR-VERA,

        Petitioners,

  v.

ERIC H. HOLDER, Jr., Attorney General,

        Respondent.

No. 07-74037

Agency Nos. A072-674-999
              A072-674-998
              A072-674-997
              A072-674-996

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

    Gabriel Villasenor-Murga and his family, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from the immigration judge's decision denying their application for

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's determination that a fundamental change in circumstances, namely petitioners' sale of their land, rebuts the presumption of a well-founded fear of future persecution based on their participation in the land colony. *See* 8 C.F.R. § 1208.13(b)(1)(i); *see also Tamang*, 598 F.3d at 1093 (undisputed facts from petitioner's own testimony regarding change of circumstances constituted substantial evidence). Accordingly, petitioners' asylum claim fails.

Because Villasenor-Murga did not establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence supports the BIA's denial of CAT relief because Villasenor-Murga failed to show that it is more likely than not that he will be tortured if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). Contrary to Villasenor-Murga's contention, the agency adequately addressed his CAT claim.

**PETITION FOR REVIEW DENIED.**

07-74037